IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNEST LEE DEAN,

    Plaintiff,

v.

SNAKE RIVER CORRECTIONAL INSTITUTION,
et al.,

    Defendants.

Case No. 2:19-cv-02050-JR

ORDER TO DISMISS IN PART

IMMERGUT, J.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint in part.

## BACKGROUND

Plaintiff alleges claims of violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. In addition to several individual defendants, plaintiff names the "Snake River Correctional Institution" and the "Oregon Department of Corrections" as defendants.

1 - ORDER TO DISMISS IN PART

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

The Eleventh Amendment preserves the sovereign immunity of the states by providing that the judicial power of the United States "shall not be construed to extend to any suit in law or equity, commenced or prosecuted" against a state. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotations and citations omitted); *see also McCall v. Oregon*, Case NO. 3:12-cv-00465-PK, 2013 WL 6196966, at *8 (D. Or. Nov. 13, 2013 ("[t]he

2 - ORDER TO DISMISS IN PART

State of Oregon has not waived it immunity" in § 1983 cases). Because the Snake River Correctional Institution and the Oregon Department of Corrections are immune from suit, plaintiff's claims against these defendants must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint is DISMISSED IN PART. Plaintiff's claims against defendants Snake River Correctional Institution and Oregon Department of Corrections are DISMISSED. Because plaintiff cannot cure the deficiencies of his claims against these defendants, the dismissal of his claims against the Snake River Correctional Institution and the Oregon Department of Corrections is with prejudice.

IT IS SO ORDERED.

DATED this 7th day of January, 2020.

Karin J. Immergut
United States District Judge