IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERNEST LEE DEAN,<br><br>Plaintiff,<br>v.<br><br>DRAVIS, RUTHVEN, SMITH, GULICK, HEMPHILL, KOLTES, CLEMENTS, DIGIULIO, CAIN and PETERS,<br><br>Defendants. | Case No. 2:19-CV-2050-JR<br><br>OPINION AND ORDER ON MOTION TO DISMISS OR MAKE MORE DEFINITE THE AMENDED COMPLAINT |

RUSSO, Magistrate Judge:

## BACKGROUND

Plaintiff Ernest Lee Dean ("Plaintiff"), an inmate at Snake River Correctional Facility, filed this pro se action against defendants Dravis, Ruthven, Smith, Gulick, Hemphill, Koltes, Clements, Digiulio, Cain, and Peters (collectively, "Defendants") alleging supervisory liability, deliberate indifference to medical needs, and violation of his right to substantive due process under 42 U.S.C § 1983. Defendants filed a motion to dismiss defendants Cain and Peters, as well as plaintiff's first, second, third, and fifth claims under Fed. R. Civ. P. 12(b)(6). In the

1   OPINION AND ORDER

alternative, defendants move to make plaintiff's claims two, three, and five more definite. That motion is now before the Court. For the reasons set forth below, defendants' motion to dismiss is granted.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff's factual allegations must be sufficient to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While a complaint need not make detailed factual allegations, a complainant must provide the grounds of his entitlement to relief using "more than labels and conclusions." Id., at 545 ("a formulaic recitation of a cause of action's elements will not do.").

## DISCUSSION

**1. Plaintiff's First Claim for Relief is Time-Barred**

Defendants argue that plaintiff's first claim, which alleges supervisory liability for deliberate indifference against defendants Dravis, Ruthven, and Smith, should be dismissed because it is barred by the statute of limitations. The statute of limitations on a § 1983 claim is governed by the statute of limitations for personal injury torts in the state where the claim arises. See, e.g., Wallace v. Kato, 549 U.S. 384, 387 (2007). In Oregon, the statute of limitations for personal injury torts is two years. O.R.S. 12.110(1).

Here, plaintiff's alleged injury from mental health psychosis, which forms the basis of this complaint, occurred on April 15, 2016. Although the two-year statute of limitations is tolled through the grievance and appeal process, Brown v. Valoff, 422 F.3d 926, 942 (9th Cir. 2005), plaintiff fully exhausted the grievance process through ODOC by April 4, 2017. (Plaintiff's Ex. 15). Plaintiff filed this action on December 18, 2019. Plaintiff's first claim is thus time-barred.

## 2. Plaintiff's Supervisory Liability Claims

Plaintiff's Amended Complaint alleges several claims against defendants under a respondent superior liability theory. Section § 1983, however, does not provide for respondeat superior liability. Ashcroft v. Iqbal, 556 U.S. 662 at 676 (2009). Simply being in a supervisory position does not impart liability on a defendant under Section § 1983, therefore several of plaintiff's allegations fail to state a claim under Fed. R. Civ. P. 12(b)(6) and is dismissed.

### A. Claims against Defendants Cain and Peters

Plaintiff names Brad Cain and Colette Peters as defendants in this action and discusses them in the context of his supervisory liability claims. Plaintiff however alleges only that plaintiff wrote a letter to Cain and Peters describing his chronic pain and requesting relief. In his Response to Defendants' motion to dismiss, plaintiff concedes that he does not bring any claims against these defendants. On this record, defendants Cain and Peters are dismissed from this action.

### B. Claims against Defendants Dravis, Ruthven, and Smith

Plaintiff's first claim alleges unconstitutional conditions of confinement against defendants Dravis, Ruthven, and Smith for the actions of their subordinates. Plaintiff's claim also asserts that Dr. Clark's treatment injured plaintiff, and that Dravis, Ruthven, and Smith's supervision allowed Dr. Clark to perpetuate plaintiff's constitutional injuries. Plaintiff thus appears to allege a claim for deliberate indifference to his medical needs. See Rodriguez v. County of Los Angeles, 891 F.3d 776 (9th Cir. 2018).

To state a claim against Dravis, Ruthven, and Smith as supervisors of Dr. Clark's actions – whether under a condition of confinement theory or a theory of deliberate indifference to

medical needs – plaintiff must allege that these three defendants had more than inferential knowledge of their subordinate's actions or the conditions of plaintiff's confinement.

Here, plaintiff's pleadings indicate that Dr. Ruthven did not have personal knowledge of the unconstitutional actions alleged by plaintiff. Because defendant Ruthven did not know any facts of the unconstitutional actions of his subordinate, the supervisory liability claim against him must fail. Twombly, 550 U.S. at 544.

Further, plaintiff failed to plead facts alleging defendants Dravis and Smith knew of any unconstitutional conditions of confinement or actions of Dr. Clark. Instead, plaintiff indicates only that Dravis received and responded to a grievance appeal. Defendants Dravis and Smith are dismissed from this claim.

### C. Second Claim for Relief against Defendant Dravis

In his second claim for relief, plaintiff alleges defendant Dravis is liable for the actions of Dr. Evans under a supervisory liability theory. As alleged in the Complaint, Dravis was provided fraudulent information from plaintiff's treating doctor, Dr. Evans. Under these facts, Dravis would neither know nor have reason to know about the actions that gave rise to plaintiff's constitutional claims. Dravis would thus lack any knowledge of unconstitutional actions of his subordinate Dr. Evans. Plaintiff's second claim for relief against defendant Dravis is therefore dismissed. Twombly, 550 U.S. at 544.

### D. Third Claim for Relief against Defendant Smith

Plaintiff's third claim alleges supervisory liability against defendant Smith. After reviewing the entire record, however, the Court finds that plaintiff fails to plead facts indicating that subordinates of Smith perpetrated constitutional violations. Further, plaintiff failed to plead facts to establish that Smith was aware of any subordinate's unconstitutional behavior and failed

to act. Because plaintiff has failed to allege facts to state a claim of supervisory liability, his third claim is dismissed.

### 3. Fifth Claim for Relief: Substantive Due Process

In his fifth claim for relief, plaintiff alleges defendants deprived him of the liberty interest in purchasing healthcare from a private provider. Under OAR 291-124-0085(1)(a)-(b), an inmate's liberty interest in requesting healthcare from private practitioners is qualified upon (1) "having sufficient funds to pay for the purchase of care BEFORE the treatment is scheduled unless other financial arrangements have been made[;]" and (2) the treatment plan and follow up care must be approved by the chief medical officer of SCRI.

Here, plaintiff did not possess the requisite funds to be approved for medical care outside ODOC. (Doc. 24 at 139). Thus, any state-created liberty interest in self-purchasing medical care did not vest because plaintiff did not qualify to self-purchase medical care on the private market. On this record, plaintiff fails to state a claim for substantive due process, therefore, his fifth claim is dismissed.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (doc. 31) is granted. Plaintiff's First, Second, Third, and Fifth claims (doc. 24) are dismissed. Defendants Cain and Peters are dismissed from this action.

DATED this 18th day of August, 2020.

                                                  /s/ Jolie A. Russo
                                                     Jolie A. Russo
                                       United States Magistrate Judge